# United States District Court
## District of Maryland



UNITED STATES OF AMERICA

v.

Spencer Boulware

**FILED**

JUL 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**WARRANT FOR ARREST**

**07-364-M-01**

Case No. HAR 93-0492

TO: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Spencer Boulware and bring him/her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☒ Violation Notice  ☐ Probation Violation Petition

charging him/her with *(brief description of offense):*

Violation of Supervised Release

RECEIVED
U S MARSHALS
GREENBELT, MARYLAND
2007 JUL 11  A 9:51

_____
Felicia C. Cannon
Name of Issuing Officer

_____
(By) Deputy Clerk

Bail fixed at No Recommendation

Clerk, U.S. District Court
Title of Issuing Officer

July 10, 2007,          Greenbelt, Maryland
Date and Location

by Deborah K. Chasanow,  United States District Judge
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| Date Received<br>JULY 11, 2007 | Name and Title of Arresting Officer<br>JOHN M. LONG<br>CI/DUSM<br>U.S. MARSHALS SERVICE | Signature of Arresting Officer<br>John M. Long |
|---|---|---|
| Date of Arrest<br>JULY 17, 2007 | | |

U.S. DISTRICT COURT (Rev. 12/96)

PROB 12
(Rev. 3/88)

FILED ____  ENTERED ____
LODGED ____ RECEIVED ____

JUL 11 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

United States District Court

for

District of Maryland

07-364-M-01



FILED
JUL 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S.A. vs. Spencer Boulware

Docket No.: HAR-93-0492

Petition on Supervised Release

COMES NOW Angela E. Barnes PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Spencer Boulware who was placed on supervision for Felon in Possession of a Firearm by the Honorable John R. Hargrove, sitting in the court at Greenbelt, Maryland, on the 19th day of May, 1994 who fixed the period of supervision at 4 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall pay a special assessment e amount of $50.
2. The defendant shall not possess a firearm or destructive device.
3. The defendant shall attend a substance abuse program as directed by probation.
4. The Court does not impose a fine.

On November 27, 2006, the additional conditions were added as per U.S. District Judge, Deborah K. Chasanow:

5. The defendant shall perform 40 hours.
6. Substance abuse treatment as deemed necessary by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

WHEREAS: The supervised releasee failed to submit monthly supervision report forms for March, April and May 2007, in violation of Standard Conditions.

WHEREAS: The supervised releasee failed to report as instructed in violation of Standard Conditions.

PRAYING THAT THE COURT WILL ORDER that a warrant be issued for the arrest of Mr. Spencer Boulware.

ORDER OF COURT
Considered and ordered as prayed this 10th day of July, 2007 and ordered filed and made a part of the records in the above case.

_Deborah K. Chasanow_
Deborah K. Chasanow
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

_Angela Barnes_
Angela E. Barnes,
U.S Probation Officer

Place    Greenbelt, Maryland

Date    July 9, 2007

1 to USP. ALSA

26

**U.S. Probation and Pretrial Services**
# MEMORANDUM

RECEIVED IN THE CHAMBERS OF DEBORAH K. CHASANOW
JUL 1 0 2007
UNITED STATES DISTRICT JUDGE

**DATE:** July 9, 2007

**TO:** Deborah K. Chasanow
U.S. District Judge

**FROM:** Angela Barnes
U.S. Probation Officer

**RE:** BOULWARE, Spencer
Docket No.: HAR-93-0492
Exp. Date: 10/18/2006

**SUBJ:** <u>**VIOLATION REPORT-WARRANT REQUESTED**</u>

Mr. Spencer Boulware appeared before The Honorable John R. Hargrove on May 19, 1994, for sentencing after a plea of guilty to Felon in Possession of Firearm. He was sentenced to one hundred twenty-one months incarceration followed by a four-year term of supervised release. The following special condition was imposed: (1) $50 Special Assessment due in full immediately; (2) The defendant shall not possess a firearm or destructive device; (3) The defendant shall attend a substance abuse program as directed by probation; (4) The Court does not impose a fine. Supervised release began on October 19, 2002, with an expiration date of October 18, 2006.

Your Honor may recall that a Violation of Supervised Release hearing was held on November 27, 2006, at which time Mr. Boulware admitted to violation of committing a new offense. He was continued on supervised release. The following special condition was imposed: (1) The defendant shall perform 40 hours of community service as directed by the probation officer; (2) the defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. Supervised release is scheduled to expire on October 18, 2007.

Reference is made to the attached petition in which a violation hearing is requested and where Mr. Boulware is charged with the following violation of supervised release:

Boulware, Spencer
Memorandum
Page 2

1. **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month, in violation of Standard Conditions.**

Mr. Boulware has not submitted a monthly supervision report form for the months of March, April and May of 2007.

2. **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, in violation of Standard Conditions.**

On May 24, 2007, an appointment letter was mailed to Mr. Boulware's address of record instructing him to report to the U.S. Probation Office on Friday, June 8, 2007. He failed to report as instructed. On June 8, 2007, an appointment letter was mailed to Mr. Boulware instructing him to report on June 14, 2007. Mr. Boulware failed to report as instructed. On June 20, 2007, an appointment letter was mailed to Mr. Boulware instructing him to report on June 25, 2007. Mr. Boulware failed to report as instructed. Finally on June 26, 2007, a home visit was conducted and a note was left at the residence instructing him to report on June 27, 2007. Mr. Boulware failed to report. To date, Mr. Boulware has made no effort to contact or report to the U.S. Probation Office since February 16, 2007. His whereabouts at this time are unknown.

Mr. Boulware's adjustment to supervised release is poor. He has remained out of contact with the U.S. Probation Office since February 16, 2007. Despite our efforts, it appears that Mr. Boulware has absconded from supervision.

In light of Mr. Boulware's noncompliant behavior, we respectfully request that a warrant be issued for the arrest of Mr. Spencer Boulware.

The U. S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporates amendments effective November 1, 1991, et. seq. Additionally, 18 U.S.C. 3553 © requires the Court to state the reasons for its imposition of a particular revocation sentence.

Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission, in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

Boulware, Spencer
Memorandum
Page 3

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR (3583(b) Class A or B Felony: 5 years, ; Class C or D Felony: 3 years; Class E Felony or Misdemeanor - 1 (year), less any term of imprisonment that was imposed upon revocation.

Revised section 18 U.S.C. 3583 (e)(3) gives the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or 1 year in any other case.*

Mr. Boulware's address of record is

Enclosure:　Probation Form 12
　　　　　　Violation Worksheet

*Subsection added 5/24/00